765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD R. LESIAK, PLAINTIFF-APPELLANT,
v.
THOMAS E. FERGUSON, ADUITOR, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3432, 84-3507
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 ON APPEAL from the United States District Court for the Northern District of Ohio, Eastern Division
 Before: KEITH and MARTIN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Donald R. Lesiak has filed appeals from separate decisions of two United States District Judges, holding that his federal court actions are barred by res judicata. His suits were filed under 42 U.S.C. Secs. 1983 and 1985. This litigation grows out of the discharge of Lesiak as an employee of the State of Ohio. The two appeals were consolidated by this Court. Both district judges held that all issues raised by appellant have been decided against him in the State courts of Ohio and both of his federal cases are barred by res judicata. We affirm the judgments of the district court on both appeals.
 
 
 2
 Plaintiff was employed by the Ohio State Auditor, first on assignment to the City of Cleveland and later as Examiner-in-Charge of Northern Ohio universities. On May 4, 1979 he was discharged from his position with the Auditor's office.
 
 
 3
 On January 18, 1980, plaintiff filed his first action in the district court alleging that his termination violated his first amendment rights of freedom of speech.
 
 
 4
 In the meantime, he pursued his remedies in the State courts of Ohio, raising claims of alleged violations of constitutional rights, ncluding freedom of speech. First he appealed his discharge to the State Board of Review, which upheld the termination. On further appeals, the Court of Common Pleas and the Ohio Court of Appeals for Cuyahoga County affirmed the decision. The latter court held that there was no first amendment violation. Lesiak v. Ferguson, 4 Ohio App. 3rd 244, 448 N.E. 2d 168 (1982), cert. denied, ---- U.S. ----, 104 S.Ct. 97 (1983). The Supreme Court of Ohio denied review for lack of a substantial constitutional issue.
 
 
 5
 On March 22, 1983 District Judge David D. Dowd, Jr. granted the motion of defendants to dismiss Lesiak's case in the district court, or in the alternative for summary judgment, on the ground that the complaint was barred by res judicata, plaintiff having first litigated his first amendment claim in the state courts. Plaintiff did not appeal from that decision.
 
 
 6
 On March 6, 1984 plaintiff moved for relief from the judgment of the district court and attempted to file a claim alleging denial of due process. Judge Dowd denied the motion, holding that plaintiff did not show any reason for his failure to raise the due process claim in his prior federal action. Plaintiff appeals from this judgment in case No. 84-3507.
 
 
 7
 Also, on March 6, 1984, plaintiff filed another original action in the district court, alleging that his discharge violated his first amendment and due process rights. District Judge John M. Manos granted defendant's motion to dismiss, holding that the action was barred by res judicata as a result of the previous state and federal actions. Plaintiff appeals from this judgment in case No. 84-3432.
 
 
 8
 It is well settled that the defense of res judicata is applicable to actions under 42 U.S.C. Secs. 1983 and 1985. Allen v. McCurry, 449 U.S. 90 (1980). Pursuant to the doctrine of res judicata 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' Montana v. United States, 440 U.S. 147, 153 (1979) (citations omitted). Res judicata prevents litigation on all grounds for, or defenses to, recovery that previously were available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).
 
 
 9
 Appellant relies upon the decision in Cleveland Board of Education v. Loudermill, ---- U.S. ----, 105 S. Ct. 1487 (1985). This reliance is misplaced. Loudermill did not change the law of due process so dramatically that appellant should be excused for not raising specifically a due process claim in the previous proceedings.
 
 
 10
 The judgments of the district court are affirmed for the reasons stated in the opinion of District Judge David D. Dowd, Jr. in district court case No. C80-59 and the opinion of District Judge John M. Manos in district court case No. C84-736.
 
 
 11
 Defendants-Appellees Dennis J. Kucinich and Joseph G. Tegreene assert that they are entitled to recover costs and attorneys fees for a case that was frivolous as to them. This claim is denied.
 
 
 12
 The judgment of the district court is affirmed. The costs in this Court are taxed against appellant.